Rowland W. DAY, II; Theodore Stern; Plaintiffs–Appellants,

Richard Roon; Peter Bendheim; George Cantos, Plaintiffs,

v.

DORSEY & WHITNEY; John T. Kramer; Defendants–Appellees,

Charles L. Potuznik, Defendant.

No. 01–1702.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 18, 2001.

Filed Oct. 30, 2001.

Before WOLLMAN, Chief Judge, FAGG and RILEY, Circuit Judges.

PER CURIAM.

International Gaming Management (IGM) hired Rowland W. Day, II to raise funds for a new video poker venture in Louisiana and to represent the new investors. Day hired the law firm of Dorsey & Whitney (Dorsey) to review the stock purchase agreement. John T. Kramer, a securities attorney with Dorsey, wrote an opinion letter stating that except for issues specified in an attachment, he knew of no areas in which IGM was not in compliance with relevant law. The attachment disclosed that all IGM's income was derived from leasing gaming devices to Indian tribes in Michigan and Wisconsin and, at the time, neither of these states had negotiated compacts with the tribes to regulate the gaming devices. Thus, the disclosure continued, it was possible, although rather unlikely, that "Michigan and Wisconsin could order IGM to remove its games from the casinos where IGM's games are at play." After two years of operation, the Louisiana venture had never made a profit. Then the FBI seized IGM's books, records, files and computers, but not gaming devices. Most of the charges involved IGM's links to organized crime.

Day and fellow investors Theodore Stern, Richard Roon, Peter Bendheim, and George Cantos brought this diversity action against Kramer, Dorsey, and Charles L. Potuznik (a Dorsey attorney) for fraudulent and negligent misrepresentation, legal malpractice, and violation of the Minnesota Consumer Fraud Act. The investors claim the Dorsey opinion was materially false and misleading because it failed to disclose that IGM's Indian gaming business violated federal law and subjected the gaming devices to seizure and forfeiture. *See, e.g.,* 25 U.S.C. § 2710(d)(3)(A)(1994).

After the claims by Cantos and Roon and against Potuznik were dismissed, the district court * granted summary judg-

---

* The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

ment for Kramer and Dorsey and dismissed Bendheim's claim for lack of subject matter jurisdiction. Applying Minnesota law, the district court found the investors' reliance on the Dorsey opinion letter was unreasonable as a matter of law. The investors were sophisticated, had access to information about the risk of removal of IGM's games at play on reservations, including warnings from sources like the March 23, 1992 letter from an IGM executive officer to an associate in Day's office, and the opinion letter contained express warnings about risks to IGM's Indian gaming operations. In addition, in his role as legal representative to the investors, Day could have negotiated the inclusion of affirmative assurances on federal Indian gaming issues in the Dorsey opinion. The district court also found the investors could not prove reliance on the Dorsey opinion was the proximate cause for their losses. No evidence in the record connected the failure of the Louisiana venture to the Indian gaming business and the FBI seizure had more to do with corruption charges than violations of federal Indian gaming law.

Day and Stern appeal the grant of summary judgment to Kramer and Dorsey, asserting they raised material questions of fact on the issues of reasonable reliance and proximate cause. Day and Stern also appeal a protective order preventing the deposition of more Dorsey attorneys, asserting additional depositions are necessary to rebut existing testimony. Having carefully reviewed the record, the parties' briefs, and the controlling law, we conclude the district court properly granted summary judgment to Kramer and Dorsey and did not abuse its discretion in granting the

protective order. Because we have nothing to add to the district court's thorough memorandum opinions and orders, we affirm without further discussion. *See* 8th Cir. R. 47B.